IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WIRELESS DISCOVERY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-484 (GBW) |
| | ) | |
| THE MEET GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff, Wireless Discovery LLC ("Wireless Discovery" or "Plaintiff") and

Defendant The Meet Group, Inc. ("Defendant") believe that certain information that is or will be

encompassed by discovery demands by the parties includes the production or disclosure of trade

secrets, confidential business information, or other proprietary information;

WHEREAS, the parties seek a protective order limiting disclosure thereof in accordance

with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the parties and ORDERED that:

1.   **DEFINITIONS**

(a)   "Discovery Material" means all items or information, including from any

non-party, regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony adduced at deposition upon oral examination or upon written questions,

answers to interrogatories, documents and things produced, information obtained from inspection

of premises or things, and answers to requests for admission, or information disclosed pursuant to

subpoena under Fed. R. Civ. P. 45 that are produced, disclosed, or generated in connection with

discovery or Rule 26(a) disclosures in this case.

(b)   "Outside Counsel" or "Outside Attorneys" means counsel for the parties

who appear on the pleadings as counsel for a party (and are not employees of the parties) and

employees of the counsel, including but not limited to, other attorneys and staff, who are working with the counsel on this litigation.

(c)     "Patent-in-Suit" means U.S. Patent No. 9,264,875.

(d)     "Party" means any party to this case, including all of its officers, directors, and employees.

(e)     "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h)     "Competitive decision-making" means that a person's activities, association, or relationship with any of its clients involve advice about or participation in the relevant business decisions or the analysis underlying the relevant business decisions of the client.

(i)     "Prohibited Prosecution Activity" shall mean any activity related to the preparation or prosecution (for any person or entity) of patent applications, claim language for new patent applications, arguments made in support of new patent applications, and advice or counsel to clients, insofar as any such activities involve the Patent-in-Suit or any patent or application claiming priority to or otherwise related to the Patent-in-Suit, subject to the following clarification. In the event any person files a request for reexamination, *inter partes* review, post grant review, Covered Business Method (CBM) review, or other proceeding before the USPTO of the Patent-in-Suit, Outside Counsel for any Party involved in said proceeding before the USPTO may

participate and assist in such reexamination, review or proceeding provided that such Outside Counsel does not supervise, assist, advise, or otherwise participate in the amendment of claims.

2.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6 and the District of Delaware Revised Administrative Procedures Governing Filing and Service by Electronic Means Procedure F.

3.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose.

(c)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.  Further, this Order shall not be construed to obligate a Party to produce any particular Discovery Material.

4.    **DURATION**

Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation. Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5.       **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)       <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, subject to the restrictions of this Order.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)       <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  The Receiving Party shall exercise at least the same degree of care in handling the Protected Material from the Producing Party that it would with its own Protected Material and to confidential information of a similar nature, but in no event less than a reasonable degree of care.

(c)       <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)       <u>Limitations</u>.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Subject to the procedures set forth in Paragraph 13 below, nothing in this Order shall restrict in any way the use or disclosure of Discovery Material or Protected Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party, subject to the requirement of confirmation by written records of the Receiving Party; (iii) previously produced, disclosed and/or provided by a party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

6.    **DESIGNATING PROTECTED MATERIAL**

(a)    Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations (or their equivalents), provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(b)    Written Discovery and Documents and Tangible Things.    Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.   In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" during the inspection and redesignated, as appropriate during the copying process.

(c)    Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given.  Alternatively, the producing party may designate testimony or information disclosed at the deposition by notifying all parties in writing within fourteen (14) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Protected Material.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as

provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

7. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Producing Party, including non-parties, may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)      The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Individual parties and employees of a Party but only to the extent counsel determines in good faith that the employees' assistance is reasonably necessary to the conduct of this litigation;

(iv)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided further that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(v)      Court reporters, stenographers and videographers retained to record testimony taken in this action;

(vi)     The Court, jury, and court personnel;

(vii)    Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(ix)     At a deposition or at trial, any person who falls within the scope of

Paragraph 11, below.

(x)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xi)     Any other person with the prior written consent of the Producing Party.

8.      **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information that constitutes or includes proprietary technical data or highly sensitive commercial or financial information and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party; (c) such

expert or consultant is not involved in competitive decision-making on behalf of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)     At a deposition or at trial, any person who falls within the scope of paragraph 11, below;

(viii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party.

9.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"**

(a)     The "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" (or an equivalent designation) is reserved for Discovery Material that contains or substantively relates to a party's "Source Code," defined below, that the Producing Party believes in good faith is (i) not generally known to others and has significant competitive value such that unrestricted disclosure to others would harm the Producing Party, (ii) which the Producing Party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and (iii) is so commercially sensitive or confidential that the disclosure to

another Party, even under the restricted terms and conditions applicable to material designated "CONFIDENTIAL – OUTSIDE ATTORNEY EYES ONLY" would not provide adequate protection to the interest of the Producing Party.  "Source Code" means documents containing or substantively relating to confidential, proprietary and/or trade secret text that defines software, firmware, or electronic hardware descriptions written in human-readable programming language, including but not limited to, C, C++, Java, assembler, VHDL, Verilog, digital signal processor (DSP), and SQL, and further including comments to the above code, libraries referenced in the above code, build scripts, and version change histories.  Source code shall not include folder and file structures containing the computer instructions, data structures, data schema, and data definitions listed above. Source code shall not include publicly available computer instructions, data structures, data schema, and/or data definitions publicly available through or publicly available on a Party's website, including, but not limited to, web pages, source code for webpages, databases, and files publicly available through or publicly available on a Party's website.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 10 below and may be disclosed only to those persons set forth in Paragraph 10(i) below.

10.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     A Producing Party may produce Source Code, at the Producing Party's option, to Outside Counsel for the Receiving Party, who shall maintain and store such Source Code at Outside Counsel's offices in the manner that prevents unauthorized access to the Source Code. Source Code may also be made available for inspection and shall be made available in native format and as it is kept in the ordinary course of business at one of the following locations chosen at the sole discretion of the Producing Party: (1) at the offices of the Producing Party's primary

10

outside counsel of record or local counsel of record in Wilmington, Delaware; or (2) a location mutually agreed upon by the parties. The Producing Party shall, no later than 30 days prior to the first inspection, furnish to the Receiving Party the following information regarding the Source Code: (1) programming language(s) in which the Source Code is written; (2) number of builds of the Source Code to be provided (*i.e.*, if the Producing Party will provide one build per alleged infringing device, as defined in the pertinent disclosures, or if the Producing Party will only provide one build of the Source Code); (3) a screenshot, folder list or accurate description of the Source Code's file structure/directory (meaning, the folders and sub-folders as they form the Source Code Material without disclosing any of the contents of such folders); (4) whether it will provide a portion of the Source Code or provide the complete Source Code without waiving any right to object the specific portions that the Receiving Party will request to be printed; and (5) the existence of confidentiality agreements with third parties as to the Source Code.

      (b)    Source Code will be loaded on up to two non-networked computers ("Review Computers") that are password protected and maintained in a secure, locked area. The Producing Party may not configure its Source Code in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code or allows the Producing Party to monitor the Receiving Party's inspection (*e.g.*, key logging, video capture, etc.). Further, the Review Computer must have a monitor of at least fifteen (15) inches, with the capability of connecting an external monitor. The Review Computer must have at least four (4) gigabytes of RAM. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct

the prosecution or defense of this Action. Use or possession of any input/output device (e.g., laptop, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drives, etc.) is prohibited while accessing the Review Computer; however, the Producing Party will make available a separate room at the review location where the Receiving Party's reviewers can store and use their personal laptops and mobile phones during the course of each review session, if one is available.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  The Review Computer will be made available for inspection during regular business hours (i.e., 9:00 a.m. to 5:00 p.m. local time), upon reasonable notice to the Producing Party, which shall not be less than five business days in advance of the requested inspection.  A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.  The Producing Party shall also be entitled to have a person observe all entrances and exits from the Source Code viewing room.

(c)     The Source Code shall be produced in native format and as is kept in the ordinary course of business, and the Review Computer shall include any necessary software tools to allow reviewers to view and search the Source Code.  The Receiving Party may request that specific and reasonable commercially available licensed software tools for viewing and searching Source Code be installed on the Review Computer, which the Producing Party shall make reasonable efforts to accommodate with at least 5 business days' notice, provided that any license fees or costs associated with such software tools are paid for by the Receiving Party.  These software tools may include text editors and multi-file text search tools such as "grep." Specific tools may include (but not be limited to): Eclipse, Visual Studio Express Edition, Visual Slick Edit, Source-Navigator, PowerGrep, ExamDiff Pro, Understand, Notepad ++, Windows GREP,

Beyond Compare, Crimson editor, dtSearch, UltraCompare or similar programs.

(d)     No copies of all or any portion of Source Code may leave the room in which the Source Code is inspected except as otherwise provided in this Protective Order.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided in this Protective Order.  Reviewers for the Receiving Party shall be entitled to take notes relating to the Source Code, however, no one may copy more than 5 continuous lines of Source Code into said notes. The Receiving Party's Outside Counsel and retained experts or consultants shall maintain any such notes in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the notes in a locked room or cabinet at all times when the notes are not being reviewed by an authorized person.

(e)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code, except the Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this action. In no event may the Receiving Party request that each Producing Party print more than 40 consecutive pages, or an aggregate total of more than 500 pages, of Source Code (per software build provided) during the duration of the case without prior written approval by the Producing Party, adding that any request that is less than 40 consecutive pages or less than 500 total pages (per software build provided) shall be presumed reasonable. Within five business days of the Receiving Party's print request (which time can be extended as reasonably necessary by agreement of the Parties), the Producing Party will provide the requested material on paper bearing Bates numbers and the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.  The Receiving Party can request up to two additional copies of any printed pages of Source

Code (or any subsets thereof) provided by the Producing Party within five business days of the Receiving Party's request (which time can be extended as reasonably necessary by agreement of the Parties). The Producing Party shall further be responsible for bringing to depositions a minimum of three additional copies of one or more pages of specifically Bates-numbered pages of Source Code that were printed at the Receiving Party's request, all of which shall be left with the Producing Party at the end of each deposition. Any request to bring Source Code to a deposition must be received no later than ten business days prior to the deposition.

(f)     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

(g)     Any paper copies of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party; (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of Outside Counsel of record responsible for maintaining the security and confidentiality of the designated materials or experts or consultants pre-approved in accordance with Paragraph 12 and specifically identified as eligible to access Source Code.

(h)     Unless as agreed in advance by the Parties in writing, following each inspection, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room with the Review Computer that may contain

14

work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.  No provision in this section gives the Producing Party the right to inspect or review any notes and/or other work product of the Receiving Party and nothing herein shall be construed to make such notes discoverable absent a waiver of attorney-client, work product, or other privilege.

(i)     Only the following individuals shall have access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials, absent express written consent of the Producing Party or further court order:

(i)     The Receiving Party's Outside Counsel;

(ii)     Outside Counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)     Up to two outside experts or consultants retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; (c) such expert or consultant is not involved in competitive decision-making on behalf of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below and each such expert or consultant is specifically identified as eligible to access Source Code;

(iv)     The Court, its technical advisor (if one is appropriate), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  However, court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  Copies of the Source Code that are marked as deposition exhibits

shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(v)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(vi)     While testifying at deposition or trial in this action only: (a) any current or former officer, director or employee of the Producing Party or original source of the Source Code; (b) any person designated by the Producing Party to provide testimony relating to the Source Code pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (c) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(j)     Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the Source Code to a PDF, or photograph the Source Code). The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the

16

extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only if it encrypts the electronic file containing such image using commercially reasonable encryption software, including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  All electronic copies must be labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE".

(k)    To the extent portions of Source Code are quoted in a document, either (i) the entire document will be stamped and treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE or (ii) those pages containing quoted Source Code will be separately bound, and stamped and treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE.

(l)    All copies of the Source Code in whatever form shall be securely destroyed if they are no longer in use.

(m)    The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph 10(i) above (e.g., Source Code may not be disclosed to in-house counsel or other party employees).

11.    __LIMITATIONS ON THE USE OF PROTECTED MATERIAL__

(a)    Protected Material shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.

(b)    Except as may be otherwise ordered by the Court or set forth in this Protective Order, any person may be examined as a witness at deposition and trial and may testify

concerning all Protected Material of which such person has prior knowledge as set forth below:

(i)      A present director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material that has been produced by that party;

(ii)      A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material of the Producing Party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that party, and pertains to the period or periods of his or her employment;

(iii)      Non-parties may be examined during deposition or testify concerning any Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any authorized contact or relationship with the Producing Party, or a representative of such Producing Party.

(iv)      Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.

(c)      If a witness under sections 11(b)(ii) and (iii) above is represented by an attorney who is not qualified under this Order to receive Protected Material, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the

confidentiality of the Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a Protective Order from the Court prohibiting such attorney from disclosing such Protected Material.

12.   NOTICE OF DISCLOSURE

(a)   Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(iii), 7(b)(iv), 8(b)(iii), or 10(i)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:  (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships; (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years, and (vi) a list of all publications authored by the Person within the last five (5) years.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)   Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period. If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have

seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(d)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the non-objecting Party from later objecting to continued access by that Person for actual violations of this Protective Order.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.     **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall

be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

        (i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall at all times have the burden of justifying the disputed designation;

        (ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Protective Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

        (iii)   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs:  (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

      14.    **<u>SUBPOENAS OR COURT ORDERS</u>**

        If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material via the Producing Party's counsel and shall provide each such Party with an

opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15. **FILING PROTECTED MATERIAL**

Protected Material shall be filed under seal in compliance with District of Delaware Local Rules of Civil Practice and Procedure 5.1.3.

16. **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return or destroy such Protected Material or Discovery Material and all copies, including those that have been shared with experts, consultants, and vendors, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.  Any motion to compel production of the inadvertently produced Discovery Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent

or unintentional production, nor shall the motion disclose or otherwise use the content of the inadvertently or unintentionally produced document or information in any way beyond that which is reasonably necessary to identify the Discovery Material and describe its nature to the Court.

17.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

(b)   A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the earlier of the Receiving Party (i) being notified by the Producing Party of the failure to designate the subject Discovery Material, or (ii) receiving the Protected Material with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received the earlier of 17(b)(i) or 17(b)(ii), the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)   Protected Material produced without the designation of "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error.  If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

18.   **FINAL DISPOSITION**

(a)   Not later than sixty (60) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action(s) with prejudice, including all appeals.

(b)   All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain or reflect Source Code.

19.   **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)   Drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable, including information protected by Federal Rule of Civil Procedure 26.

(b)   Reports and materials exempt from discovery under the foregoing

Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

(c)    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d)    Discovery of materials provided to testifying experts shall be governed by the provisions of Federal Rule of Civil Procedure 26.

(e)    No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery unless the conversations or e-mail communications are relied upon by such experts in formulating opinions or asserting facts that are presented in reports or trial or deposition testimony in this case.

(f)    Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 19(a)–(e) shall be treated as attorney-work product for the purposes of this litigation and Order.

20.    **PROSECUTION BAR**

(a)    Any person on behalf of the Plaintiff reviewing any of an opposing party's "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and/or technical information marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (hereinafter, "Prosecution Bar Materials") shall not engage in any Prohibited Prosecution Activity for a period commencing upon receipt of such information and ending one year following the conclusion of this action (including any exhaustion of any appeals) or one year following the withdrawal from the litigation by an attorney, whichever is earlier.  The prosecution bar described herein shall not be imputed to partners, associates, or other colleagues of a person subject to the prosecution bar who did not actually receive or review Prosecution Bar Materials.

21.     **MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what

restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

(g)     Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders;

(h)     Until such time as this Protective Order has been entered by the Court, the parties agree that upon the execution by the Parties, the Protective Order will be treated as though it has been "So Ordered."

(i)     Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have received or reviewed information protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

(j)     Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated

"CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or

"CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," pursuant to

this order shall promptly notify that party of the motion so that the party may have an opportunity

to appear and be heard on whether that information should be disclosed.


Dated: October 5, 2022                        Respectfully submitted,

CHONG LAW FIRM PA                             BAKER & HOSTETLER LLP

*/s/ Jimmy Chong*                             /s/ Jeffery J. Lyons
Jimmy Chong (#4839)                           Jeffrey J. Lyons (#6437)
2961 Centerville Road, Suite 350              1201 North Market Street, Suite 1402
Wilmington, DE 19808                          Wilmington, DE  19801
Telephone: (302) 999-9480                     (302) 468-7088
Facsimile: (302) 800-1999                     jjlyons@bakerlaw.com
Email: patent@chonglawfirm.com

                                              *Attorneys for The Meet Group, Inc.*
RAMEY LLP
William P. Ramey, III (admitted pro hac vice)
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

ATTORNEYS FOR PLAINTIFF



        IT IS SO ORDERED this _____day of _____, 2022


        _____
                UNITED STATES DISTRICT JUDGE

## **<u>EXHIBIT A</u>**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Protective Order") in the action of *Wireless Discovery LLC v. The Meet Group, Inc.* pending in the United States District Court for the District of Delaware.

Having read and understood the terms of the Protective Order, I agree to be bound by the terms of the Protective Order.

Name of individual:

Present occupation/job description:

Name of Company or Firm:

Address:

My past and present relationships with the parties to this litigation are as follows:

I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of this Protective Order.

I hereby agree to personally appear before the United States District Court for the District of Delaware for the purpose of enforcement of this Protective Order and/or for the purpose of resolving any issue that might arise in connection with my involvement in this litigation.

I further agree to promptly, upon termination of this Action, return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

I declare under penalty of perjury that the foregoing is true and accurate.


Dated:_____

_____

[Signature]