IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WIRELESS DISCOVERY LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>EHARMONY, INC.,<br><br>             Defendant. | C.A. No. 22-480-GBW |
| WIRELESS DISCOVERY LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>THE MEET GROUP, INC.,<br><br>             Defendant. | C.A. No. 22-484-GBW |

**MEMORANDUM ORDER**

Plaintiff Wireless Discovery LLC ("Wireless Discovery") filed the above-captioned action against Defendants eHarmony Inc. ("eHarmony") and The Meet Group, Inc. ("TMG") (collectively, "Defendants") for patent infringement of U.S. Patent No. 9,264,875 ("the '875 patent"). D.I. 1.[1] eHarmony filed a motion to dismiss (D.I. 12) and an answer with counterclaims (D.I. 13). Wireless Discovery filed an answer to the counterclaims (D.I. 18) and an opposition to the motion to dismiss (D.I. 19). Wireless Discovery then amended its complaint in the eHarmony action, adding three (3) new patents directed to the same technology: U.S. Patent Nos. 9,357,352 ("the '352 patent"), 10,334,397 ("the '397 patent"), and 10,321,267 ("the

---

[1] All D.I. cites are to the 22-480 action unless otherwise noted.

'267 patent"). D.I. 21. TMG filed a reply to the original motion to dismiss, which eHarmony joined. No. 22-484, D.I. 23; D.I. 23. eHarmony moved to dismiss the amended complaint. D.I. 31. The Court granted Defendants' Motions to Dismiss on February 6, 2023, finding that the asserted patents claimed patent ineligible subject matter and that Wireless Discovery was collaterally estopped from asserting claims 1-10 of the '875 patent. D.I. 54. Wireless Discovery appealed, and the Federal Circuit summarily affirmed. D.I. 68. Presently pending before the Court is Defendants' Motion for Attorneys' Fees. D.I. 56. The Court, having viewed the Motion and all related briefing, (D.I. 57, D.I. 62, D.I. 64), **GRANTS** Defendants' Motion for Attorneys' Fees.

## I. LEGAL STANDARD[2]

"The court in exceptional cases may award reasonable attorneys' fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined an "exceptional" case as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is left to the discretion of the district court, which should make a case-by-case determination based on the totality of the circumstances. *Id.* One of the factors to consider in deciding whether a case is exceptional is "objective unreasonableness (both in the factual and legal components of the case)." *Id.* at 554 n.6.

A party moving for attorneys' fees must demonstrate, by a preponderance of the evidence, that the case is "exceptional." *Id.* at 556. Typically, exceptional cases will involve "litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit

---

[2] The Court writes for the benefit of the parties who are already familiar with the pertinent background facts.

2

or willful infringement." *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002).

## II. DISCUSSION

### a. Prevailing Party

This Court granted Defendants' motion to dismiss Wireless Discovery's Amended Complaint with prejudice. D.I. 54. Thus, Defendants are the prevailing parties. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed.Cir.2006) (noting that "as a matter of patent law," dismissal of claims with prejudice when granted by a district court "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that [a] district court properly [can] entertain [a] fee claim under 35 U.S.C. § 285").

### b. Exceptional Claims

#### i. Claims 1-9 of the '875 Patent

In November 2021, the Western District of Texas held claim 1 of the '875 patent invalid for indefiniteness.[3] D.I. 31, Ex. 1. In April 2022, Wireless Discovery sued Defendants for infringement of "one or more of claims 1-20 of the '875 Patent." Defendants moved to dismiss Wireless Discovery's complaint, contending that Wireless Discovery was collaterally estopped from asserting claims 1-9 of the '875 patent. D.I. 12. Wireless Discovery filed an amended complaint against eHarmony that again asserted claims 1-20. D.I. 21. During the second round of motion to dismiss briefing, Wireless Discovery disputed that it was collaterally estopped from asserting claims 1-9 of the '875 patent. D.I. 57 at 3 ("The Claims of the Asserted Patents Have Not Been Held Invalid."). Wireless Discovery then stated it was "no longer" asserting those

---

[3] Claims 2-9 are dependent claims tied to claim 1.

3

claims. The Court found that Wireless Discovery provided "no substantive arguments" for why claim 1 should not be dismissed, and did not oppose the dismissal of claims 2-9. D.I. 54 at 8-9.

Wireless Discovery contends that "[a]lthough Wireless Discovery did inadvertently mentioned [sic] claims 1-20 of the '875 [p]atent in its Complaint," its failure was excused because of inadvertence and lack of significant argument time. D.I. 62 at 1. Wireless Discovery was put on notice of this purportedly inadvertent assertion at least when the initial motions to dismiss were filed. D.I. 14 at 5. Wireless Discovery responded by filing an amended complaint that again asserted the same knowingly invalid claims. D.I. 21. Even if it was inadvertent, repeatedly asserting knowingly invalid patent claims is exceptional conduct. *See, e.g., Energy Heating, LLC v. Heat On-The-Fly, LLC*, 15 F.4th 1378, 1383 (Fed. Cir. 2021) (holding that a case was exceptional when the plaintiff "knew 'that its patent was invalid'"). Defendants still had to dedicate briefing space and argument time to these "inadvertent" knowingly invalid claims. D.I. 31 at 5, D.I. 54. Attorneys' fees under § 285 are compensatory, not punitive, and the Court finds that Defendants should be compensated for having to defend against knowingly invalid claims. *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018).

### ii. Wireless Discovery's Ineligibility Arguments Were Weak.

The Court is "within the scope of its discretion in finding [a] case to be exceptional based on the weakness of [a party's] § 101 arguments and the need to deter similarly weak arguments in the future." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377-78 (Fed. Cir. 2017); *see Finnavations LLC v. Payoneer, Inc.*, No. 1:18-CV-00444-RGA, 2019 WL 1236358 (D. Del. Mar. 18, 2019).

Wireless Discovery's briefs opposing dismissal are littered with conclusory arguments. 22-cv-480, D.I. 20 ("TMG Brief"); D.I. 39 ("eHarmony Brief"). Large portions of the briefing

are mere screenshots of the patent, with little to no argument beyond repeating the wording of the patent. *See, e.g.*, TMG Brief at 4-9; eHarmony Brief at 4-14. Wireless Discovery dedicates multiple pages to an argument that there is "substantial detail for the claimed invention" because the specification includes "detailed flowcharts and diagrams." eHarmony Brief at 9-14. This lengthy argument is supported by only an unexplained citation to *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018). eHarmony Brief at 9 n. 21. At best, Wireless Discovery's argument is a misplaced enablement argument, and what relevance the specification's flowcharts and diagrams are meant to have on the eligibility analysis is left unsaid. eHarmony Brief at 9 ("[T]here is ample disclosure of how to implement embodiments of the claimed invention.").

Wireless Discovery nominally disputed representativeness but, except for the '875 patent, failed to provide "any meaningful argument for the distinctive significance of any claim limitations." D.I. 54 at 15 (citing *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018)); eHarmony Brief at 3. With respect to the '875 patent, Wireless Discovery merely stated that claims 11 through 19 "add additional concrete and technical elements and steps requiring separate patentability analysis" while "fail[ing] to describe what additional concrete and technical elements the other claims recite." D.I. 54 at 15 (citing eHarmony Brief at 3).

At *Alice* step one, Wireless Discovery effectively conceded that the asserted patents were directed to the idea of allowing people using mobile devices to share personal information over a network (i.e. a social network). D.I. 54 at 17; eHarmony Brief at 13 (describing the '875 patent as "directed to improvements in exchanging information using mobile communications devices, in particular discovering members of a social network by associating their personal attributes to the mobile communications devices for purposes of exchange."). Wireless Discovery provided

5

little to no argument as to how the patent claims are different from the bevy of similar social media patents that have been invalidated. *See, e.g., NetSoc, LLC v. Match Grp., LLC*, 838 F. App'x 544, 548 (Fed. Cir. 2020); *Jedi Techs., Inc. v. Spark Networks, Inc.*, No. 16-1055-GMS, 2017 WL 3315279, at *7 (D. Del. Aug. 3, 2017); *Walker Digit., LLC v. Google, Inc.*, 66 F. Supp. 3d 501, 508 (D. Del. 2014); *Perry St. Software, Inc. v. Jedi Techs., Inc.*, 548 F. Supp. 3d 418, 433 (S.D.N.Y. 2021). Wireless Discovery spends one paragraph distinguishing contrary precedent without providing any cases addressing analogous technology that came out its way. eHarmony Brief at 10. In attempting to distinguish the precedent, Wireless Discovery merely stated that those cases "did not provide a technical solution for discovery of other mobile devices." *Id.* at 11. Wireless Discovery's argument here could be best characterized as *ipse dixit*: instead of demonstrating why the asserted patents are non-abstract by citing to relevant precedent, Wireless Discovery takes as axiomatic that the asserted patents are non-abstract and reasons backwards to distinguish them from precedent.

At *Alice* step two, the Court characterized Wireless Discovery's arguments on eligibility as "bare assertions," and "conclusionary." D.I. 54 at 21. As one example, Wireless Discovery's purported inventive concept for the '267 patent was "easily exchanging contact and/or personal information over the internet for purposes of social interaction by way of mobile devices without limitations to hardware brands." eHarmony Brief at 4. The Court noted that Wireless Discovery was merely "rephrasing the abstract idea and saying it is an inventive concept." D.I. 54 at 21. Wireless Discovery, in describing its invented concept, cited only to the specification and never the claims. *Id.* The Court described the claims of the asserted patents as "quintessential 'apply it with a computer' claims." *Id.* at 22 (quoting *NetSoc*, 838 F.App'x at 548-49).

6

This was not a close patent eligibility case. "Since *Alice,* the law of patent eligibility has perhaps become unpredictable and unclear on the fringes. But one thing has remained true: patents which look like *Alice* are ineligible." *Finnavations LLC v. Payoneer, Inc.*, No. 1:18-CV-00444-RGA, 2019 WL 1236358, at *1 (D. Del. Mar. 18, 2019). Even when faced with the authority demonstrating the weakness of the '875 patent, Wireless Discovery doubled down by improperly amending its complaint. Upon amendment, Wireless Discovery did not add new factual allegations, or even remove the collaterally estopped claims. D.I. 21. Instead, Wireless Discovery merely added more patents and continued on with litigation, serving discovery and inflicting costs. D.I. 57, Ex. A. Wireless Discovery's litigation strategy in this case "stands out from the others," and thus justifies the awarding of costs. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Defendants suggest that "the Court should also allow eHarmony and TMG the opportunity to collect on those fees should collection be an issue" and that "Wireless Discovery may avail itself of the bankruptcy statute." D.I. 57 at 20. Defendants request that the Court permit discovery into "exactly who is behind Wireless Discovery" and "whether counsel for Wireless Discovery has any interest in Wireless Discovery." *Id.* at 21. Defendants' request is premature. In the event that collection does become an issue, Defendants may revisit this request.

### III. CONCLUSION

For the reasons stated above, at Wilmington this 15th day of August 2024, **IT IS HEREBY ORDERED** that Defendants' Motions for Attorney Fees (22-cv-480, D.I. 56; 22-cv-484, D.I. 46) are **GRANTED**. Defendants are awarded their reasonable attorneys' fees in an

amount to be determined later. Defendants shall file an accounting of attorneys' fees and costs no later than fourteen (14) days after the entry of this Order.

                                                                                                                       GREGORY B. WILLIAMS
                                                                                                 UNITED STATES DISTRICT JUDGE